IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV219-03-V
(3:01CR104-4-V)

| | |
|---|---|
| MISAEL SANDOVAL DELGADO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C.§ 2255, (Document No. 1), filed May 15, 2006; on the Government's Answer to Petitioner's Motion and Motion for Summary Judgment, filed August 4, 2006 (Document No. 6) and on Petitioner's response in opposition to the Government's Motion for Summary Judgment (Document No. 8).

For the reasons stated herein, the Petitioner's Motion to Vacate will be <u>dismissed</u> without prejudice.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Petitioner is one of five defendants named in a three count Bill of Indictment charging him with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846 (Count One), possession with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b) and 18 U.S.C. § 2 (Count Two), and using and carrying a firearm during and in relation to a drug trafficking crime in violation

1

of 18 U.S.C. §§ 924(c) and 2 (Count Three). On May 22, 2002 - on the morning of trial and after a jury had been selected the night before - Petitioner entered a "straight up" guilty plea to all three counts in the Indictment. The Court held a Rule 11 hearing in which the Court engaged the Petitioner in its standard, lengthy colloquy to ensure that his guilty pleas were being knowingly and voluntarily tendered. Petitioner specifically affirmed several matters – including that he understood the charges and penalties which he faced; that he actually committed the crimes to which he pled guilty; and that he was making his pleas freely and voluntarily. Petitioner's guilty plea to all counts in the Indictment was then accepted by this Court.

On August 2, 2002, over two months after he pled guilty, Petitioner sent a hand-written letter to the Court advising that he desired to withdraw his guilty plea to the firearm offense charged in Count Three of the Indictment (See Document No. 152 in criminal case 3:01cr104.)[1] On December 18, 2002, the Court held a hearing on Petitioner's letter, which the Court construed as a motion to withdraw his plea. This Court applied the six factors set forth in <u>United States v. Wilson</u>, 81 F.3d 1300 (4th Cir. 1996) and denied Petitioner's Motion to withdraw his guilty plea to Count Three.

At Petitioner's sentencing hearing held on January 21, 2003, the Court found that there was a factual basis to support Petitioner's pleas and reaffirmed its acceptance of the pleas. The Court then sentenced Petitioner to 180 months in prison, that is, 120 months on Counts One and Two, each count to run concurrently, and 60 months on Count Three, to run consecutively to Counts One and Two. (<u>Id</u>. at 5-6; see also, Judgement filed March 5, 2003, Document No. 189.)

Petitioner did not initially appeal his case to the Fourth Circuit Court of Appeals. Instead, on

---

[1] The record herein also shows that co-defendants Olegario Delgado Sandoval and Jose Oseguera sent letters to the Court requesting to withdraw their guilty pleas to all counts of the Indictment. (See Document Nos. 151, 153 and 169 in criminal case 3:01cr104).

2

December 1, 2003 he filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel because his attorney failed to file an appeal on Petitioner's behalf pursuant to Petitioner's request. (Document No. 1, case no. 3:04cv98.) On April 26, 2004, this Court entered an order allowing Petitioner's Motion to Vacate based on counsel's failure to file a direct appeal. Pursuant to this Court's Order, an Amended Judgment was entered on May 14, 2004, with the same sentence and conditions as the original judgment.

Petitioner filed a notice of appeal on May 21, 2004. On appeal, Petitioner challenged this Court's denial of his motion to withdraw his guilty plea to Count Three and also claimed this Court erred in sentencing him pursuant tot he United States Sentencing Guidelines in violation of the Sixth Amendment. On September 16, 2005, the Fourth Circuit Court of Appeals affirmed this Court's denial of Petitioner's motion to withdraw his guilty plea and also held that there was no Sixth Amendment violation in Petitioner's sentence because he had admitted responsibility for five kilograms of cocaine. See <u>United States v, Misael Sandoval Delgado</u>, No. 04-4434, slip op. at 6, 7 (4th Cir. Sept. 16, 2005.)

On May 15, 2006 Petitioner filed the instant Motion to Vacate alleging ineffective assistance of trial counsel for coercing him into pleading guilty; ineffective assistance of appellate counsel for failing to challenge the conviction on direct appeal and for failing to petition the Supreme Court for certiorari; and deprivation of due process and equal protection because the court proceedings were conducted entirely in English.[2] Upon careful consideration of the foregoing documents and the

---

[2] Because the Court has found that Petitioner's appellate attorney was ineffective for failing to advise Petitioner of his right to file a petition for certiorari before the Supreme Court, the Court cannot decide on any other claims at this time. As outlined in the Order section, Petitioner may file a motion in the Fourth Circuit to vacate and reenter its past judgment so that he can then file a petition for certiorari in the Supreme Court. After the Supreme Court has ruled

controlling legal precedent, the Court concludes that the Petitioner's Motion to Vacate must be DISMISSED so that Petitioner can pursue his right to file a petition in the Supreme Court for certiorari review.

## II. ANALYSIS

Petitioner claims that his counsel was ineffective because he abandoned him by failing to send him a letter advising Petitioner about the appellate decision and explaining to Petitioner his right to petition the Supreme Court for a writ of certiorari.

The Government attached appellate counsel's affidavit to its Motion for Summary Judgment which stated that counsel did send Petitioner a letter along with a copy of the Fourth Circuit opinion shortly after the case was decided. He further stated that it was his intention to hire a local court interpreter to draft a second letter in Spanish explaining Petitioner's right to file a petition for certiorari in the Supreme Court. However, the affidavit further indicates that the second letter was never sent to Petitioner. (Eric Bach Affidavit, attached to Government's Motion for Summary Judgment.) The Government concedes that appellate counsel's failure to advise Petitioner of his right to file a petition for certiorari in the Supreme Court was error but argues that there is no prejudice pursuant to Strickland v. Washington, 466 U.S. 668 (1984). The Government is incorrect.

In the case of an unsuccessful appellant represented by counsel, the attorneys' responsibilities are outlined in the plan adopted by the Fourth Circuit Judicial Counsel implementing the Criminal Justice Act of 1984. See 18 U.S.C. § 3006A. The Fourth Circuit plan provides that "counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari.

---

on Petitioner's petition for certiorari, should he chose to file one, Petitioner may then file a new Motion to Vacate in this Court.

If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant." Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, ¶ 2 (July 14, 2005).

Thus, counsel's failure to advise a defendant in writing of his right to file a petition for certiorari in the Supreme Court amounts to ineffective assistance of counsel. United States v. King, 11 Fed.Appx. 219221 (4th Cir. 2001). The remedy for a breach of the duty to advise an appellant in writing of his right to file a petition for certiorari in the Supreme Court is re-entry of the judgment on appeal to permit the petitioner, with the assistance of counsel, to file a timely petition for certiorari. Wilkins v. United States, 441 U.S. 468, 470 (1979). Because this Court does not have the authority to re-enter the judgment of the Fourth Circuit, the remedy is for the Petitioner to move in the Fourth Circuit to vacate and reenter its past judgment, recall the mandate, and appoint counsel if defendant wishes to seek certiorari review in the Supreme Court. United States v. King, 11 Fed.Appx. 219 (4th Cir. 2001).

Accordingly, in light of Wilkins and King, the Court finds that the Petitioner's appellate counsel was ineffective for failing to advise Petitioner of his right to file a petition for certiorari with the Supreme Court. As such, the prescribed remedy is for the Petitioner to file a motion in the Fourth Circuit to vacate and reenter its past judgment, recall and reissue its mandate, and appoint counsel if Petitioner wishes to seek certiorari review in the Supreme Court.

### III. NOTICE OF APPELLATE RIGHTS

Mr. Sandoval Delgado, you are hereby advised that you have right to file a petition for certiorari in the Supreme Court. If you decide to pursue that right, you must first file a motion in the

Fourth Circuit Court of Appeals to vacate and reenter its past judgment, recall and reissue its mandate, and appoint counsel. You must file that motion as soon as practicable after you have received this Order, but no later than thirty days after the date of this Order.

Be further advised that in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

If you should decide not to file a petition for certiorari in the Supreme Court, the statute of limitation is running and continues to run on your case. However, at this point, your Motion to Vacate is being dismissed by this Court so that you can pursue your right to file a petition for certiorari in the Supreme Court. Therefore, you currently have no claims pending in this Court. If you decide to pursue your right to file a petition for certiorari in the Supreme Court, the statute of

limitations starts to run from the date the Fourth Circuit reenters its judgment.

## IV. <u>ORDER</u>

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the Petitioner's Motion to Vacate is **DISMISSED** without prejudice;

2. That the Government's Motion for Summary Judgment is DENIED;

3. That if the Petitioner wishes to file a petition for certiorari in the Supreme Court, he must first file a motion in the Fourth Circuit, no later than thirty days after the date of this Order, to vacate and reenter its past judgment, recall and reissue its mandate, and appoint counsel. The Petitioner's Judgment in the Fourth Circuit will then likely be vacated due to his counsel's failure to file advise him of his right to file a petition for certiorari in the Supreme Court.

.

**SO ORDERED**.

Signed: September 18, 2006

Richard L. Voorhees
United States District Judge